IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STUART ELCONIN ROSOFF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2471-O |
| | § | |
| TIMOTHY LEE YORK, ET AL. | § | |
| | § | |
| Defendants. | § | |

## PARTIAL FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil action brought by Stuart Elconin Rosoff, a federal prisoner, seeking $5 million in damages as a result of injuries sustained when he was assaulted by another prisoner at FCI Seagoville.  Plaintiff, who is Jewish, alleges that federal prison authorities either negligently or intentionally placed him in a cell with Timothy Lee York, a member of the Aryan Brotherhood, in "complete disregard for [his] life and safety."  One of the defendants named by plaintiff is Victor Vital, his court-appointed lawyer in the underlying criminal case.  According to plaintiff, Vital placed him at risk by telling a local newspaper that plaintiff was "help[ing] the government prosecute other perpetrators."  (*See* Mag. J. Interrog. #3 & Attch.).

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]"  *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 127 S.Ct. at 1964-65.  The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

Plaintiff has failed to state a claim for relief against Vital.  To the extent plaintiff intends to assert a civil rights claim under 42 U.S.C. § 1983, he must prove that Vital acted "under color of state law."  *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). However, private attorneys are not "state actors" for purposes of section 1983 liability.  *See Featherston v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that private attorneys, even those appointed by the court, cannot be sued for civil rights violations under section 1983).  The only other possible claim plaintiff has against Vital is for negligence or some other tortious conduct.  In order to prevail on a tort claim, plaintiff must allege facts establishing causation. *See Cunningham v. Blue Cross Blue Shield of Texas*, No. 2-06-CV-363-CV, 2008 WL 467399 at *5 (Tex. App.--Fort Worth, Feb. 21, 2008, pet. denied) ("In any cause of action, whether grounded in

tort, contract, or a hybrid of the two, causation is the essential element necessary to attribute fault for one's injuries to another."). Here, plaintiff does not allege that he was assaulted for cooperating with the government. Rather, plaintiff claims that York, a member of the Aryan Brotherhood, assaulted him because he is Jewish. Thus, plaintiff has failed to plead an essential element of his tort claim against Vital.

## RECOMMENDATION

Plaintiff's claims against Victor Vital should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The court makes no determination at this time whether plaintiff has stated a claim for relief against the other defendants identified in his complaint and interrogatory answers.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE