IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STUART ELCONIN ROSOFF | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-2471-O-BD |
| UNITED STATES OF AMERICA, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants United States of America, David Berkebile, and Christina Mendoza have filed a Rule 12(b)(6) motion to dismiss this prisoner civil rights and negligence action seeking more than $5 million in damages as a result of injuries allegedly sustained by plaintiff when he was assaulted by another inmate at FCI Seagoville. As grounds for their motion, the individual defendants contend that they did not act with deliberate indifference and are entitled to qualified immunity. The United States seeks dismissal of the tort claim under the "discretionary function" exception to the FTCA.

Without suggesting a view of whether dismissal may be proper in another procedural context, such as a motion for summary judgment, the court declines to dismiss this action at the pleading stage. In reaching this decision, the court notes that defendants rely, at least in part, on various declarations and exhibits to support their motion to dismiss. (*See* Def. Mot. App. at 1-35). However, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion. *See E.E.O.C. v. Allied Aviation Services, Inc.*, No. 3-05-CV-1379-L, 2005 WL 2778646 at *2 (N.D.

Tex. Oct. 25, 2005) (Kaplan, J.).[1] Nor will the court entertain a Rule 12(b)(6) motion based on the defense of qualified immunity until plaintiff is given an opportunity to file a Rule 7(a) reply. *See Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) ("[A] more particularized reply pursuant to Rule 7 is the preferred procedure preceding consideration of a motion to dismiss on grounds of qualified immunity.").

## **RECOMMENDATION**

For these reasons, defendants' Rule 12(b)(6) motion to dismiss [Doc. #36] should be denied without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Although the federal rules permit the court to treat a Rule 12(b)(6) motion to dismiss as one for summary judgment if the moving party relies on matters outside the pleadings, *see* FED. R. CIV. P. 12(d), the court declines to entertain a motion for summary judgment before the parties complete discovery.

DATED: February 8, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE